```
IN THE UNITED STATES DISTRICT COURT
     DISTRICT OF SOUTH CAROLINA
        SPARTANBURG DIVISION
```

| | |
|---|---|
| In re Earth Structures, Inc., | ) C/A No. 7:12-1958-TMC-JDA |
|                                   Debtor. | ) |
| _____ | ) |
| Steven R. Wicker, | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
|                               Appellant, | ) |
| v. | ) |
| SCBT, N.A., as Successor in Interest to | ) |
| Bank Meridian, N.A., | ) |
|                               Appellee. | ) |
| _____ | ) |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

This matter is before the Court on the pro se Appellant's motion to remand [Doc. 46] and Appellee's motion to dismiss the appeal for failure to file a timely appellant's brief [Doc. 48]. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial proceedings involving litigation by individuals proceeding pro se and submit findings and recommendations to the District Court.

## FACTUAL BACKGROUND

**Procedural History of Bankruptcy Case**

On or about February 9, 2009, Bank Meridian, N.A., filed a civil action in the Spartanburg County Court of Common Pleas against Ultra Holdings, LLC, Earth

Structures, Inc. ("ESI"), Appellant, Timothy Bailey,[1] First Citizens Bank and Trust Co., Inc., and the United States of America by and through its Agency the Department of the Treasury, Internal Revenue Service (collectively, "Defendants").[2] [Doc. 16-1 at 1 ¶ 1 *(*Notice of Removal*)*.] On May 19, 2009, ESI filed a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq*. [*Id.* at 2 ¶ 2; *see* Doc. 4-1.] The state action then became removable to the United States Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 9027. [Doc. 16-1 at 2 ¶ 3.][3]

On August 4, 2009, ESI filed a notice of removal in the United States Bankruptcy Court for the District of South Carolina in Adversary Proceeding Number 09-80118-hb (the "Adversary Proceeding"), thereby removing the state action to the bankruptcy court. [*Id.* at 1–3.] The court, upon considering a motion to remand by Bank Meridian (Plaintiff in the

---

[1] Appellant and Defendant Timothy Bailey both held an ownership interest in ESI and Ultra Holdings and are guarantors of loans issued by Bank Meridian to their companies. [Doc. 33-6 at 3.]

[2] In their answer and counterclaim filed in the state court case on May 8, 2009, ESI and Appellant asserted the following defenses and counterclaims: a. defenses: fraud in the inducement, duress, appraisal statutes, and over collateralization; b. counterclaims: negligent misrepresentation, constructive fraud, fraud and misrepresentation, breach of contract, breach of contract accompanied by fraudulent act, interference with contractual relationship, conversion, breach of fiduciary duty, and unfair trade practices. [Doc. 18-1 at 16-40; *see* Doc. 23-26 at 2 n.1.]

[3] By order dated and filed on June 24, 2009, the Master in Equity for Spartanburg County determined that it was appropriate to allow Bank Meridian to proceed with the following causes of action which the state court judge determined were not subject to the automatic stay triggered by ESI's bankruptcy:

      a. First Cause of Action (Breach of Note 1);
      b. Fourth Cause of Action (Breach of Note 3);
      c. Fifth Cause of Action (Foreclosure of Mortgage 2 Encumbering Real Property);
      d. Sixth Cause of Action (Breach of Guaranty 1);
      e. Seventh Cause of Action (Breach of Guaranty 2);
      f. Eighth Cause of Action (Breach of Guaranty 3);
      g. Ninth Cause of Action (Breach of Guaranty 4);
      h. Fourteenth Cause of Action (Breach of Guaranty 5) and
      i. Fifteenth Cause of Action (Breach of Guaranty 6).

[Doc. 18-1 at 75–77.]

Adversary Proceeding), entered an order for remand sending certain causes of action back to the state court and providing that it would retain jurisdiction over the remaining causes of action:

    a.    Second Cause of Action (Breach of Note 2);

    b.    Third Cause of Action (Foreclosure of Mortgage 1 Encumbering Real Property);

    c.    Tenth Cause of Action (Breach of Note 4);

    d.    Eleventh Cause of Action (Breach of Security Agreement 1 and Security Agreement 2 and Collection of Accounts);

    e.    Twelfth Cause of Action (Foreclosure of Mortgage 3 Encumbering Real Property);

    f.    Thirteenth Cause of Action (Foreclosure of Mortgage 4 Encumbering Real Property);

    g.    Sixteenth Cause of Action (Collection of Rents);

    h.    Seventeenth Cause of Action (Injunction-Accounts Receivables);

    i.    Eighteenth Cause of Action (Injunction - Rents), and

    j.    Nineteenth Cause of Action (Accounting).

[Doc. 23-11 at 6.]

On September 1, 2009, Bank Meridian filed a motion for summary judgment in the bankruptcy court as to its causes of action and as to the counterclaims of ESI and Appellant. [Doc. 23-26.] Bank Meridian argued that ESI voluntarily entered into a loan with the bank and that, while the bank fully complied with the terms of the loan, ESI failed to comply. [*Id.* at 1 ¶¶ 1–2.] The bank also argued that ESI and Appellant could establish

no defense to the action, that no genuine issue of material fact remained unresolved, and inquiry into the facts was unnecessary to clarify the application of the law. [*Id.* at 10.] In its September 27, 2010 response to the motion for summary judgment, ESI argued that there were disputed issues of material fact regarding ESI's defenses and counterclaims and that the asserted action was no longer proper in light of the confirmed bankruptcy plan binding on Bank Meridian under 11 U.S.C. § 1141. [Doc. 24-1 at 2 ¶¶ 3, 6.]

Bank Meridian was closed on July 29, 2011 by the Office of the Comptroller of the Currency, and the Federal Deposit Insurance Corporation ("the FDIC") was appointed as receiver. [Doc. 33-6 at 4; Doc. 32-1 at 29 ¶ 4.] On October 20, 2011, Bank Meridian moved for an order substituting Appellee for Bank Meridian in the Adversary Proceeding. [Doc. 29-18.] The basis for the motion was that the promissory notes, mortgages, commercial security agreements, business loan agreements, and other loan documents that were the subject of the Adversary Proceeding had been assigned by Bank Meridian, by and through the FDIC, to Appellee. [*Id.* at 1–2.] In an order filed October 25, 2011, the bankruptcy court granted Bank Meridian's motion to substitute in part, permitting Appellee to join the Adversary Proceeding as successor in interest to Bank Meridian but requiring Bank Meridian to remain in the case as a named party at the opposing parties' request. [Doc. 30-2 at 1–8.] The court stated that applicable law prevented Appellant and ESI from asserting their counterclaims against Bank Meridian. [*Id.* at 5–6.]

On November 21, 2011, Appellee filed a motion for summary judgment arguing that it was entitled to judgment as a matter of law with regard to defenses asserted by

4

Defendants pursuant to 12 U.S.C. § 1823(e)(1),[4] which provides that "[n]o agreement which tends to diminish or defeat the interest of the [FDIC] in any asset acquired by it . . . , either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the [FDIC] unless such agreement" meets certain requirements. [Doc. 32-1 at 9.] Specifically, Appellee argued that "this section protects [Appellee] as the FDIC's assignee, from claims based on oral or improperly documented 'side agreements' and 'schemes or arrangements' that would diminish the value of an asset acquired by the FDIC." [*Id.* at 10.] ESI filed a response in opposition, contending that Appellee voluntarily subjected itself to ESI's defenses and counterclaims. [Doc. 32-4 at 1.] Appellant provided a letter to the court joining in ESI's response. [Doc. 33-5; *see* Doc. 33-6 n.1.]

---

[4]The *D'Oench* Doctrine, established by the Supreme Court in *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447 (1942), "prohibits claims based upon agreements which are not properly reflected in the official books or records of a failed bank or thrift." *Nat'l Enters., Inc. v. Barnes*, 201 F.3d 331, 333 n.3 (4th Cir. 2000) (citing *Resolution Trust Corp. v. Allen*, 16 F.3d 568, 574 (4th Cir. 1994)). The doctrine was later codified by 12 U.S.C. § 1823(e). *Nat'l Enters., Inc.*, 201 F.3d at 333 n.4. Section 1823(e)(1) reads in pertinent part as follows:

> No agreement which tends to diminish or defeat the interest of the Corporation in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement–
>
> (A) is in writing,
> (B) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,
> (C) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and
> (D) has been, continuously, from the time of its execution, an official record of the depository institution.

On February 28, 2012, the bankruptcy court granted in part Appellee's motion for summary judgment. [Doc. 33-6.] The court found that, after a review of the pleadings filed, examination of the relevant facts, and consideration of the arguments presented, Appellee was entitled to summary judgment on each of the counterclaims raised in Defendants' amended answers and counterclaims. [*Id.* at 7.] Further, the court noted that in its October 25, 2011 order, it found that the proceeding could not continue against Bank Meridian based on the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA").[5] [*Id*. at 7–8; *see* Doc. 30-2 at 5–6.]

The court further noted that,

> Even if the Defendants could establish that the counterclaims for negligent misrepresentation, fraud and misrepresentation, constructive fraud, breach of contract, and breach of contract accompanied by a fraudulent act were somehow applicable to [Appellee], the same are barred by 12 U.S.C. § 1823(e) because the counterclaims for negligent misrepresentation, fraud and misrepresentation, and constructive fraud all require proof of a false representation. These counterclaims, by their very nature are based on oral representations and are thus

---

[5]Quoting from its October 25, 2011 order, the bankruptcy court explained,

> "[FIRREA] provides an administrative process for claims against the assets of failed banks held by the FDIC as receiver." [Doc. 30-2 at 5.] Section 1821(d) of FIRREA, "sets forth a detailed series of rules under which all claims involving an insolvent institution are received and handled." *Brady Dev. Co. v. Resolution Trust Corp*., 14 F.3d 998, 1003 (4th Cir. 1994) (citing 12 U.S.C. § 1821(d)). . . . Whether or not the Defendants choose to participate in that claims process is left to them; however, the Defendants cannot proceed in this matter against BankMeridian until the administrative claims process is exhausted. *Id*. at 1006 (interpreting 12 U.S.C. § 1821(d)(13)(D) as a jurisdictional bar until the administrative process is exhausted and holding that litigants who have a case pending against a financial institution when it is subsequently placed in receivership must exhaust FIRREA's administrative claims process in order to continue their action in federal court).

[Doc. 33-6 at 7–8.]

barred by § 1823(e).

[*Id.* at 8 n.18.] Ultimately, the court found Appellee was entitled to summary judgment as to Defendants' equitable defenses and counterclaims. [*Id.* at 7, 14.] The court, however, found that at summary judgment the parties failed to sufficiently address the conflicts between the confirmed bankruptcy plan's terms (which allow repayment of any debt through installment payments) and Appellee's and Bank Meridian's remaining claims, thus requiring further proceedings. [*Id.* at 15.]

Prior to entry of the court's order, ESI filed a supplemental brief attaching a document that appeared to be a print out of an email dated January 12, 2012 from an FDIC employee to an employee of the law firm representing ESI, indicating that attached to the email was "a reconstruction portion of the Inherited Litigation Report." [Doc. 33-1 at 22.] The attachment was a one-page document stating that the Adversary Proceeding was under a "Schedule B" for "Litigation Assumed by Others." [*Id.* at 23.] Additionally, the brief attached a document that appeared to be a printout of an email dated January 26, 2012 from an FDIC employee to the same law firm employee stating that she could not comment on the liability of Appellee or Bank Meridian and that the law firm should contact Appellee. [*Id.* at 25.] ESI argued that this new information created a material issue of fact as to whether Appellee assumed liability for Bank Meridian's alleged torts under the Purchase and Assumption Agreement with the FDIC. [*Id.* at 3.] ESI's pleadings stated that Appellee somehow acted improperly by failing to provide a copy of these documents to ESI or to the court earlier [Doc. 33-8 at 3]; however, upon consideration, the court held that ESI failed

to prove this allegation at the hearing [Doc. 33-19 at 3 n.6].

**Procedural History of Federal Court Appeal**

On May 3, 2012, Appellant filed a notice of appeal under 28 U.S.C. § 158(a) from the judgment entered in the Adversary Proceeding on April 19, 2012. [Doc. 1.] Appellant also requested from the bankruptcy court a stay of the order on summary judgment while the case was on appeal. [Doc. 33-26.][6] On July 19, 2012, this Court entered an order notifying the parties of the filing of the bankruptcy appeal and directing Appellant to file his brief within fourteen days (plus three mailing days), making his brief due August 6, 2012. [Doc. 34.]

On August 1, 2012, Appellant filed a motion for extension of time to file his brief, representing to the Court that he was seeking counsel to assist with the filings. [Doc. 37.] On August 7, 2012, the Court granted Appellant additional time to locate counsel and to file his brief, extending his deadline to August 27, 2012. [Doc. 42.] Rather than file a brief as ordered, however, Appellant filed a motion to remand to bankruptcy court in light of new evidence. [Doc. 46.]

Subsequently, Appellee filed a motion to dismiss this appeal due to Appellant's failure to file a timely brief. [Doc. 48.] Appellee also filed a response in opposition to

---

[6]While the bankruptcy court was skeptical of Appellant's ability to meet the requirements of a stay pursuant to Federal Rule of Bankruptcy Procedure 8005, the court noted that, on the day of the hearing, counsel for Appellee filed a letter with the court [Doc. 33-36] reporting that new information received in a conference call with the FDIC might necessitate modification of the court's summary judgment order [Doc. 33-38 at 3–4]. The court determined that, in order to protect the rights of the parties, the court would issue a stay until such time as it could be determined which portions of the prior order(s), if any, needed revision as a result of the new information referenced by Appellee. [*Id.* at 4.] The stay order was entered on June 6, 2012.

Appellant's motion to remand. [Doc. 49.] On September 13, 2012, the Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (requiring the court provide explanation of dismissal/summary judgment procedures to pro se litigants) advising Appellant of the procedure and the consequences for failing to respond to Appellee's motion to dismiss the appeal. [Doc. 51.] On October 18, 2012, Appellant filed a response in opposition to the motion to dismiss. [Doc. 54.] Appellant's motion to remand [Doc. 46] and Appellee's motion to dismiss [Doc. 48] are now ripe for consideration.

## **STANDARD OF REVIEW**

**Pro Se Litigant**

Appellant is a pro se litigant, and thus his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, a court may not construct the appellant's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), nor should it "conjure up questions never squarely presented," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Review of Bankruptcy Order**

Under 28 U.S.C. § 158(a)(1), United States District Courts have jurisdiction to hear appeals of final judgments, orders, and decrees of bankruptcy courts. On appeal from the bankruptcy court, the district court acts as an appellate court and reviews the bankruptcy court's findings of fact for clear error, while it reviews the conclusions of law de novo.

*Devan v. Phoenix Am. Life Ins. Co. (In re Merry-Go-Round Enter., Inc.),* 400 F.3d 219, 224 (4th Cir. 2005); *Kielisch v. Educ. Credit Mgmt. Corp. (In re Kielisch)*, 258 F.3d 315, 319 (4th Cir. 2001). The bankruptcy court's grant of summary judgment is reviewed de novo under Rule 56 of the Federal Rules of Civil Procedure. *Tidewater Fin. Co. v. Williams*, 341 B.R. 530, 533 (D. Md. 2006) (citing *Century Indem. Co. v. Nat'l Gypsum Co. Settlement Trust (In re Nat'l Gypsum Co.)*, 208 F.3d 498, 504 (5th Cir. 2000)). The district court may affirm, modify, or reverse a bankruptcy judge's order, or remand with instructions for further proceedings. *See* Fed. R. Bankr. P. 8013.

The standard of review as to fact in the district court, as in all appellate courts, is whether the trial court's factual findings are clearly erroneous. Fed. R. Bankr. P. 8013; *Carolin Corp. v. Miller*, 886 F.2d 693, 702 (4th Cir. 1989); *Little Creek Dev. Co. v. Commonwealth Mortgage Corp. (In re Little Creek Dev. Co.)*, 779 F.2d 1068, 1070 (5th Cir. 1986); *Grubbs v. Nat'l Bank of S.C. (In re Grubbs)*, 114 B.R. 450, 451 (D.S.C. 1990); *Del Rio Dev., Inc. v. First Liberty Fin., Inc., (In re Del Rio Dev., Inc.)*, 35 B.R. 127, 128-29 (B.A.P. 9th Cir. 1983). Therefore, this Court reviews the bankruptcy court's ultimate factual determinations subject to the clearly erroneous standard

## **APPLICABLE LAW**

Federal Rule of Bankruptcy Procedure 8009(a)(1) requires a party appealing from the ruling of a bankruptcy court to file a brief within fourteen days after the entry of appeal on the district court's docket pursuant to Rule 8007. To determine whether to dismiss a bankruptcy appeal for failure to timely file a brief, the district court must exercise its

discretion under Federal Rule of Bankruptcy Procedure 8001(a).[7] *In re SPR Corp.*, 45 F.3d 70, 74 (4th Cir. 1995). In applying Rule 8001(a), the district court must take one of the four steps outlined in *Serra Builders, Inc. v. John Hanson Savings Bank FSB (In re Serra Builders, Inc.)*, 970 F.2d 1309 (4th Cir. 1992). Specifically, the court must: "(1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives," keeping in mind that dismissal is a "harsh sanction which a district court must not impose lightly." *Id.* at 1311. Proper application of the *Serra* test requires the court to consider and balance all relevant factors. *In re SPR Corp.*, 45 F.3d at 74. The court's exercise of its discretion without considering and balancing all relevant factors amounts to an abuse of discretion. *See James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993).

### DISCUSSION

**Motion to Dismiss**

The Court recognizes that it may dismiss Appellant's appeal for his failure to file and serve his brief by August 27, 2012. [Doc. 42.] To determine whether to dismiss a bankruptcy appeal for failure to timely file a brief, the district court must exercise its discretion under Federal Rule of Bankruptcy Procedure 8001(a). Appellant clearly had

---

[7]In relevant part, Federal Rule of Bankruptcy Procedure 8001(a) states that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal."

11

notice of the filing deadline. [*See* Docs. 34, 42.] His failure to file a brief, however, is premised in his belief that because he filed a motion to remand, his brief was not due. [Doc. 54 at 2.] Appellant contends that, under Federal Rule of Civil Procedure 59(e), the judgment of the bankruptcy court should be amended to correct errors of law due to misinformation provided to the bankruptcy court by Appellee and its counsel. [Doc. 54 at 3.]

Upon considering Appellant's reasons for failing to file his appellate brief, and considering the balancing test set forth in *Serra*, the Court finds that Appellant's failure to abide by the procedural time limits for filing his brief is fatal to his case. First, Appellant's failure to file was due to his own negligence, specifically his misunderstanding of the rules of appellate procedure requiring the filing of an appellant's brief to perfect his appeal. While Appellant argues his ignorance of the rules should shield his failure to file, such ignorance can not excuse his failure to file. *See United States ex rel. Shaw Env't, Inc. v. Gulf Ins. Co.*, 225 F.R.D. 526, 528–29 (E.D. Va. 2005) (holding that mistaken interpretation of a rule or statute will not ordinarily constitute excusable neglect).

Second, Appellant was given an opportunity to explain his failure in response to Appellee's motion to dismiss. As stated above, his reason for failure was his own ignorance of the rules.

Third, the failure to perfect the appeal has had a prejudicial effect on the other parties. The remaining parties to this action have not been able to obtain finality of the bankruptcy court's order in their favor because of the pendency of this appeal. *See In re*

*Weiss*, 111 F.3d 1159, 1173 (4th Cir. 1997) (stating that prejudice caused by delay in filing of brief was felt by debtors and creditors of bankrupt estate and by the bankruptcy trustee and the creditors she represented, justifying dismissal of appeal under *Serra* factors).

Fourth, the Court has considered the impact of the sanction and available alternatives and found that dismissal is appropriate. In considering available alternatives, the Court considered Appellant's motion to remand and his allegations of new evidence. [Doc. 46.] In his motion, Appellant contends that new evidence requires a remand of the case to bankruptcy court. [Doc. 46-1.] Specifically, on the morning of the hearing on Appellant's motion for stay pending appeal, June 4, 2012, counsel for Appellee wrote a letter to the bankruptcy judge indicating that "[p]rior to today's conference call, [Appellee] and its counsel had no reason to believe that the FIRREA claims process was inapplicable or that any liability for acts or omissions of BankMeridian flowed through to [Appellee] subject to the special powers." [*Id.* at 2.] Counsel suggested that the judge's summary judgment order may need to be modified in light of these facts. [*Id.*] The bankruptcy court granted a motion for stay pending appeal, in part because of the sudden uncertainty regarding portions of the summary judgment order. [Doc. 33-38 at 4.]

As stated above, the bankruptcy judge, in her order on summary judgment, held that while FIRREA's administrative claims process "affords the Defendants a means by which to assert their claims against BankMeridian's assets," due to the nature of the counterclaims, they were clearly barred by § 1823(e). [*See* Doc. 33-6 at 7.] In a footnote the bankruptcy judge also addressed the outcome if Defendants could establish that Bank

Meridian's conduct flowed through to Appellee—the same scenario raised by Appellant's alleged new evidence:

> Even if the Defendants could establish that the counterclaims for negligent misrepresentation, fraud and misrepresentation, constructive fraud, breach of contract, and breach of contract accompanied by a fraudulent act were somehow applicable to [Appellee], the same are barred by 12 U.S.C. § 1823(e) because the counterclaims for negligent misrepresentation, fraud and misrepresentation, and constructive fraud all require proof of a false representation. These counterclaims, by their very nature are based on oral representations and are thus barred by § 1823(e). . . .
>
> Similarly, [Appellant's] deposition testimony indicates that the counterclaims for breach of contract and breach of contract accompanied by a fraudulent act are based on alleged oral agreements or modification to the written loan documents. . . . An oral agreement such as the one asserted by the Defendants in this matter is exactly the type of undocumented agreement and/or scheme that § 1823(e) was codified to protect against. As such, the counterclaims for breach of contract and breach of contract accompanied by a fraudulent act are barred by § 1823(e).

[*Id.* at 8 n.18.] Based on this finding by the bankruptcy judge, which Appellant does not challenge, remand would be futile because, even if Bank Meridian's conduct flowed through to Appellee, Appellant's counterclaims against Appellee would be barred by § 1823(e). Because Appellee is still entitled to assert the special powers set forth in § 1823(e), the outcome of the case does not change in light of the alleged new evidence: Appellant still cannot pursue his counterclaims against Appellee.

Based on the Court's consideration of the *Serra* factors, the Court finds dismissal of this appeal is proper.

**Motion to Remand**

Because Appellant failed to perfect his appeal and this Court has found that dismissal is appropriate, the Court finds no basis for ordering the remand of this matter.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends Appellee's motion to dismiss appeal [Doc. 48] be GRANTED and Appellant's motion to remand [Doc. 46] be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

November 15, 2012
Greenville, South Carolina