IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| In re: Earth Structures, Inc., ) | |
| ) | C/A No. 7:12-1958-TMC |
| Debtor. ) | |
| ) | |
| _____ ) | |
| ) | |
| Steven R. Wicker, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **OPINION & ORDER** |
| ) | |
| SCBT, N.A., as Successor in ) | |
| Interest to Bank Meridian, N.A., ) | |
| ) | |
| Appellee. ) | |
| _____ | |

This matter is before the court on review of the Report and Recommendation filed by Magistrate Judge Jacquelyn D. Austin made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, DSC. (Dkt. # 57).[1] The Magistrate Judge recommended that the Motion to Dismiss filed by Appellee SCBT, N.A., ("SCBT's") (Dkt. # 48) be granted and the Motion to Remand filed by Appellant Steven Wicker ("Wicker) (Dkt. # 46) be denied. Wicker has filed objections (Dkt. # 60) and SCBT has filed a reply to those objections. (Dkt. # 62). For the reasons set forth below, the court respectfully declines to

---

[1] The Magistrate Judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by a magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

adopt the Magistrate Judge's Report and Recommendation. Instead, the court denies SCBT's Motion to Dismiss (Dkt. # 48) and grants Wicker's Motion to Remand (Dkt. # 46).

## I. Background

The Magistrate Judge accurately sets forth the background and procedural history of this action. (Report 1-9). Briefly, this appeal is from the Bankruptcy Court. On February 9, 2009, Bank Meridian, N.A., ("Bank Meridian") filed a civil action in state court against several defendants, including Debtor Earth Structures, Inc. ("ESI"). On May 19, 2009, ESI filed bankruptcy under Chapter 11[2] and the state action was removed to the Bankruptcy Court. Subsequently, several claims were remanded back to state court. Bank Meridian was closed on July 29, 2011, and the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver. Thereafter, SCBT became Bank Meridian's successor in interest and joined the adversary proceeding in the Bankruptcy Court.[3] On November 21, 2011, SCBT filed a summary judgment motion which the Bankruptcy Court granted on February 28, 2012. (Dkt. # 32 Attach. 1; and # 33 Attach. 6). On April 19, 2012, the Bankruptcy Court entered an order denying ESI's motion to alter or amend the summary judgment order. (Dkt. # 33 Attach. 19).

On May 4, 2012, Wicker, acting pro se, filed a notice of appeal. (Dkt. # 33 Attach. 22). On May 18, 2012, Wicker also filed a motion for a stay pending appeal. (Dkt. # 33 Attach. 26). On June 3, 2012, the Bankruptcy Court granted the motion to stay noting that "[g]iven the record before [it] indicating that opposing counsel concedes that the Court's prior order may need modification, it is not difficult for the Court to find that the

---

[2] 11 U.S.C. § 101 et. seq.

[3] At the request of the opposing party, Bank Meridian remained in the action as a named party.

requirements for a stay pending appeal are present at this time." (Dkt. # 33 Attach. 38 at 4). The Bankruptcy Court granted the stay until "such time as it can be determined which portions of the prior order(s), if any, need revision as a result of any new information referenced by SCBT." In a footnote immediately following this sentence, the Bankruptcy Court noted that "[d]ue to the fact that [its] order is the subject of a pending appeal, this may be a question for the appellate court." (Dkt. # 33 Attach. 38 at 4 n.11).

On July 19, 2012, this court ordered Wicker to file his brief within fourteen days (plus three days for mailing), or by August 6, 2012. (Dkt. # 34). On August 1, 2012, Wicker filed a motion for an extension on the ground that he was seeking counsel. (Dkt. # 37). The court granted Wicker an extension making his brief due August 27, 2012. (Dkt. # 42). On August 27, 2012, rather than file a brief, Wicker, still proceeding pro se, filed a motion to remand on the grounds that there was new evidence. (Dkt. # 46). On September 12, 2012, SCB&T filed a response opposing a remand and a motion to dismiss on the ground that Wicker had not timely filed his brief. (Dkt. # 48 and 49). On October 18, 2012, Wicker filed a response opposing the motion to dismiss and seeking additional time to file his brief if the court denied his motion to remand. (Dkt. # 54 at 7).

## II. Discussion

Citing the Federal Rues of Bankruptcy Procedure and *Serra Builders, Inc., v. John Hanson Sav. Bank (In Re Serra Builders, Inc.)*, 970 F.2d 1309 (4th Cir. 1992), the Magistrate Judge recommended granting SCBT's motion to dismiss based upon Wicker's failure to timely file his brief. Additionally, the Magistrate Judge stated that, in any event, a remand would be futile based upon the Bankruptcy Court's finding that the counterclaims are barred by 12 U.S.C. §1823(e) - a finding she noted that Wicker does

not challenge. (Report at 14).[4]

In his objections, Wicker concedes that he did not timely file his brief. However, prior to the filing deadline for his brief, Wicker filed a motion for remand in light of new evidence which the Bankruptcy Court has indicated may affect the prior order granting SCBT summary judgment. As Wicker explained in his response to SCBT's motion to dismiss, he believed that the filing of the remand motion, in essence, extended the deadline for filing his brief. (Dkt. # 54 at 2-3). Furthermore, in response to SCBT's motion to dismiss, Wicker requested an extension of time within which to file his brief if his motion for a remand was denied. (*Id*. at 7).

While it appears that despite the new evidence, Wicker's claims may be barred by

---

[4]Section 1823(e)(1) provides:

Agreements against interests of Corporation

(1) In general

No agreement which tends to diminish or defeat the interest of the Corporation in any asset acquired by it under this section or section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement--

(A) is in writing,

(B) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,

(C) was approved by the board of directors of the depository institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and

(D) has been, continuously, from the time of its execution, an official record of the depository institution.

§ 1823(e), as noted by the Bankruptcy Court in a footnote in her order, the court declines to rule on this prior to the Bankruptcy Court's revisions, if any, to the order granting SCBT summary judgment.  Further, given that Wicker has not filed a brief, the court is hesitant to state that he has not challenged certain issues.  As the Bankruptcy Court has indicated that revisions to its order may be needed, the court finds a remand is appropriate.

### III. Conclusion

For the foregoing reasons, the court declines to adopt the Report.  The Motion to Dismiss (Dkt. # 48) is **DENIED** and Appellant's Motion to Remand (Dkt. # 46) is **GRANTED**.   Accordingly, this action is remanded to the Bankruptcy Court.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 14, 2013